IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MILDRED LENA BROWN,

    Plaintiff,

v.

RICHARD F. MARTIN,

and

OZARK OAK CARRIERS, LLC,

    Defendants.

Case No.:

## **COMPLAINT**

COMES NOW Plaintiff Mildred Lena Brown, by and through her attorneys, and for her cause of action against Defendants, states and alleges as follows:

1. Plaintiff Mildred Lena Brown is a citizen and resident of Pettis County, Missouri.

2. Defendant Richard F. Martin is a citizen and resident of the State of Arkansas.

3. Defendant Ozark Oak Carriers, LLC is a limited liability company organized and existing under the laws of the State of Arkansas.

4. Defendant Ozark Oak Carriers, LLC's principal place of business is 2309 Highway 235 South, Yellville, AR 72687.

1

5. At all times mentioned herein, Defendant Ozark Oak Carriers, LLC was operating as an interstate commercial motor carrier and required to operate pursuant to the Federal Motor Carrier Safety Regulations.

6. At all times mentioned herein, Defendant Ozark Oak Carriers, LLC conducted business interstate throughout the State of Missouri, including Pettis County, Missouri.

7. At all times mentioned herein, Defendant Ozark Oak Carriers, LLC was acting individually and through its actual or apparent agents, servants and employees, including, but not limited to, Defendant Richard F. Martin, who were acting within the course and scope of their employment with Defendant Ozark Oak Carriers, LLC.

8. At all times mentioned herein, Defendant Ozark Oak Carriers, LLC, individually, and/or through its actual or apparent agents, servants and employees, owned, leased, controlled and/or operated the tractor-trailer described below.

9. At all times mentioned herein, Defendant Ozark Oak Carriers, LLC's assigned USDOT Number was 00775216.

10. At all times mentioned herein, Defendant Richard F. Martin was operating a tractor-trailer within the course and scope of his employment and/or agency with Defendant Ozark Oak Carriers, LLC.

11. At all times mentioned herein, Defendant Richard F. Martin was hired by Defendant Ozark Oak Carriers, LLC to drive a commercial motor vehicle (the tractor-trailer described below) and was directed by Defendant Ozark Oak Carriers, LLC to transport various loads interstate.

12. At all times mentioned herein, Defendant Richard F. Martin operated and controlled the tractor-trailer that collided and crashed into the vehicle operated by Plaintiff.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

14. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

15. At approximately 12:36 p.m. on November 22, 2019, Plaintiff was the operator of a 2017 Jeep Wrangler sport utility vehicle travelling in a southbound direction on U.S. 65 Highway approximately 2,534 feet north of Maltsbarger Road in Pettis County, Missouri.

16. At that same time and place, Defendant Richard F. Martin operated a 2020 Peterbilt Motors Co. tractor-trailer (VIN 1XPXD49X6LD629140) into a collision with the rear-end of the Jeep Wrangler operated by Plaintiff, causing injury to Plaintiff.

17. The Jeep Wrangler and Peterbilt tractor-trailer sustained massive damage and destruction as a result of the collision. The Jeep Wrangler and Peterbilt tractor-trailer were towed from the scene.

18. Defendant Ozark Oak Carriers, LLC is, and was at all times mentioned herein, a "motor carrier" and an "employer" of drivers of "commercial motor vehicles" as those terms are used and defined in the Federal Motor Carrier Safety Regulations and is subject to such rules and regulations as promulgated and codified within 49 C.F.R. Parts 382 *et. seq*.

19. At all times mentioned herein, Defendant Ozark Oak Carriers, LLC's tractor-trailer was a "commercial motor vehicle" under 49 C.F.R. § 390.5.

3

20. The Federal Regulations cited herein are adopted and enforced by the State of Missouri as standards and laws of the State of Missouri pursuant to § 390.201, RSMo.

21. At all times mentioned herein, Defendant Richard F. Martin was the agent, servant and employee of Defendant Ozark Oak Carriers, LLC, and Defendant Ozark Oak Carriers, LLC had the authority, right and duty to control and supervise him.

22. At all times mentioned herein, Defendant Richard F. Martin operated the tractor-trailer under the USDOT Motor Carrier authority of Defendant Ozark Oak Carriers, LLC.

23. At all times mentioned herein, Defendant Richard F. Martin operated the tractor-trailer with the knowledge, consent and permission of Defendant Ozark Oak Carriers, LLC.

24. Defendant Ozark Oak Carriers, LLC is vicariously liable for Defendant Richard F. Martin's negligence and recklessness pursuant to the principles of agency and *respondeat superior*.

25. Defendant Ozark Oak Carriers, LLC and Defendant Richard F. Martin owed a duty to operate the tractor-trailer with the highest degree of care and in a very careful, prudent and lawful manner in order to avoid harming anyone.

26. Defendant Richard F. Martin failed to exercise the highest degree of care, and failed to conduct himself in a careful, prudent and lawful manner, and was negligent and reckless in the operation of a commercial motor vehicle in one or more of the following respects:

    a. he failed to maintain a careful lookout;

4

  b.  he failed to drive in a careful and prudent manner;

  c.  he failed to keep his commercial motor vehicle under control;

  d.  he failed to safely pass Plaintiff's exiting vehicle;

  e.  he failed to brake his vehicle in a safe and reasonable manner;

  f.  he failed to travel within a single lane of traffic;

  g.  he operated a commercial motor vehicle in a fatigued, ill and/or impaired condition;

  h.  he operated a commercial motor vehicle while distracted;

  i.  he operated a commercial motor vehicle while texting on or utilizing a hand-held mobile telephone;

  j.  he failed to switch lanes prior to passing Plaintiff's exiting vehicle;

  k.  he permitted his tractor-trailer to strike a vehicle properly exiting a highway;

  l.  he crashed into the rear-end of the vehicle operated by Plaintiff; and

  m.  he violated applicable provisions of the Federal Motor Carrier Safety Regulations and/or other applicable statutes and/or codes or industry standards applicable to him.

  27.  Each of the above acts and/or omissions, singularly and cumulatively, constitute negligence and were a proximate cause or contributing cause of the resulting injuries and damages to Plaintiff as alleged herein.

28. Independent of its vicarious liability, Defendant Ozark Oak Carriers, LLC had a duty to exercise reasonable case in hiring, retaining, training and supervising its drivers and other employees, including Defendant Richard F. Martin.

29. Independent of its vicarious liability, Defendant Ozark Oak Carriers, LLC had a duty to exercise reasonable care in entrusting its vehicles and equipment – and any and all vehicles and equipment under its control – to responsible, competent and qualified drivers.

30. Independent of its vicarious liability, Defendant Ozark Oak Carriers, LLC failed to exercise reasonable care and was itself negligent, careless and reckless in one or more of the following respects:

 a. it entrusted its tractor-trailer to an individual who it knew or should have known had inadequate experience, training and knowledge to safely operate the vehicle;

 b. it entrusted its tractor-trailer to an individual who it knew or should have known had exhibited a pattern of negligence and recklessness;

 c. it hired Defendant Richard F. Martin and entrusted him with the tractor-trailer;

 d. it failed to adequately train, instruct, supervise and monitor Defendant Richard F. Martin concerning the safe operation of a tractor-trailer;

 e. it failed to train, instruct, supervise and monitor Defendant Richard F. Martin to make sure he was not too fatigued or ill, pr not likely to become too fatigued or ill, to safely operate a commercial motor vehicle; and

f. it permitted or required Defendant Richard F. Martin to operate a tractor-trailer when he was too fatigued or impaired to operate a commercial motor vehicle safely.

31. Each of the above acts and/or omissions, singularly and cumulatively, constitute negligence and were a proximate cause or contributing cause of the resulting injuries and damages to Plaintiff as alleged herein.

32. Defendants were negligent *per se* in violating certain Missouri statutes and Federal Motor Carrier Safety Regulations which were enacted for the benefit of Plaintiff and others travelling on public roadways, including, but not limited to the following:

    a. § 304.014, RSMo, which requires all persons operating or driving a vehicle on the highways of Missouri to observe and comply with the rules of the road;

    b. § 304.017, RSMo, which requires that drivers not follow another vehicle more closely than is reasonably safe and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the roadway;

    c. 49 C.F.R. §390.3, which requires motor carriers to be knowledgeable of and comply with all regulations applicable to them and requires them to instruct every driver and employee with regard to all applicable regulations;

    d. 49 C.F.R. §391.11, which prohibits a person from driving a commercial motor vehicle unless he or she is qualified to drive a commercial motor vehicle;

    e. 49 C.F.R. §383.111, which requires that all commercial motor vehicle operators have knowledge of the following areas: procedures for safe vehicle operations; the effects of fatigue, poor vision and general health upon safe commercial motor vehicle

7

Case 2:22-cv-04079-BCW   Document 1   Filed 05/24/22   Page 7 of 10

operation; proper procedures needed to use a commercial motor vehicle's safety systems in an emergency situation; speed management and variables such as speed, visibility, surface conditions, traffic flow and stopping distance; hazard perception; emergency maneuvers such as evasive steering, emergency stopping, and brake failure;

      f.      49 C.F.R. §396.7(a), which states that a motor vehicle shall not be operated in such a condition as to likely cause an accident or a breakdown of the vehicle;

      g.      49 C.F.R. §392.2, which requires that every commercial motor vehicle be operated in accordance with the laws, ordinances and regulations of the jurisdiction in which it is being operated;

      h.      49 C.F.R. §392.3, which provides that no driver shall operate a motor vehicle and a motor carrier shall not require or permit a driver to operate a motor vehicle while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness or any other cause, as to make it unsafe for him to begin or continue to operate the motor vehicle;

      i.      49 C.F.R. §390.13, which states that no person shall aid, abet, encourage, or require a motor carrier or its employees to violate the Federal Motor Carrier Safety Regulations;

      j.      40 C.F.R. §390.3(e)(1), which requires motor carriers to be knowledgeable and comply with all regulations applicable to it and requires it to instruct every driver and employee with regard to all applicable regulations;

      k.      49 C.F.R. §391.11, which prohibits a person form driving a commercial motor vehicle unless he or she is qualified to drive a commercial motor vehicle;

l. 49 C.F.R. part 395, which prohibits a driver from operating a commercial motor vehicle after the driver has reached the maximum hours of service;

m. 49 C.F.R. §392.80, which prohibits texting while driving; and

n. 49 C.F.R. §392.82, which prohibits the use of a hand-held mobile telephone while driving.

33. Plaintiff was within the class of persons intended to be protected by these statutes and federal regulations.

34. These statutes and federal regulations were designed and intended to prevent the type of injuries and damages suffered by Plaintiff as alleged herein.

35. Each of the above acts and/or omissions, singularly and cumulatively, constitute negligence *per se* and were a proximate cause or contributing cause of the resulting injuries and damages of Plaintiff as alleged herein.

36. As a direct and proximate result of Defendants' acts and/or omissions as alleged herein, Plaintiff suffered the following injuries and damages:

a. injury, surgery and medical care to her right shoulder and cervical spine;

b. injury, surgery and medical care to the muscles, tendons, ligaments and nerves in/around her right shoulder and cervical spine;

c. lost wages, both past and future;

d. reasonable and necessary medical expenses; and

e. pain, suffering, anguish of the body and mind and a loss of enjoyment of life.

WHEREFORE, Plaintiff Mildred Lena Brown prays for judgment in her favor and against Defendants in a sum in excess of $75,000.00, and in an amount that is fair and reasonable; for her costs incurred and expended herein; for interest; and for such other and further relief as the Court deems just and proper.

### JURY TRIAL DEMAND

COMES NOW Plaintiff Mildred Lena Brown and hereby demands a trial by jury.

                **KEMPTON AND RUSSELL, LLC**

By: _____
**MARK T. KEMPTON**        **#25653**
**T. BRODY KEMPTON**       **#63929**
114 East Fifth St.
P. O. Box 815
Sedalia MO 65302-0815
660-827-0314
660-827-1200 (FAX)
mark@kemptonrussell.com
brody@kemptonrussell.com
**ATTORNEYS FOR PLAINTIFF**